IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TINA SMITH and ASHLEY WILCOX,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:22-CV-73-L** |
| | § | |
| **FCA US LLC,** | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Defendant's Motion for Summary Judgment ("Motion") (Doc. 23), filed November 10, 2022.  For the reasons herein explained, the court **grants** the Motion (Doc. 23) and **dismisses with prejudice** this action.

**I.     Factual and Procedural Background**

Tina Smith and Ashley Wilcox ("Plaintiffs") originally brought this action against FCA US LLC ("FCA" or "Defendant") in state court, asserting a products liability claim and claims for alleged violations of the Texas Deceptive Trade Practice Act ("DTPA").  Their claims stem from an alleged engine fire that originated in a vehicle, spread to Plaintiffs' home, and resulted in the total loss of the property and its contents.  More specifically, Plaintiffs allege that a 2015 Dodge Ram truck, manufactured by FCA, suffered from a recall condition that sparked a fire inside the truck's engine compartment, and the truck fire spread to Plaintiffs' home and caused the property damage at issue.

FCA removed the action to federal court on January 12, 2022, based on diversity of citizenship jurisdiction.  FCA then moved for summary judgment on the claims asserted by Plaintiffs, contending that Plaintiffs cannot establish the existence of a defect or causation as

required for their products liability claims because they failed to designate an expert as required by the court's scheduling order. FCA argues that Plaintiffs' DTPA claim is similarly defective.

On December 2, 2022, the court granted Plaintiffs' request for leave to designate an expert and set a deadline of December 9, 2022, for "Plaintiffs to file their expert designation as to EFI Global and Mr. Patterson." Doc. 36 at 3. Plaintiffs did not file their expert designation by December 9, 2022, as directed. They, nevertheless, filed a one-page response to Defendant's summary judgment motion on December 9, 2022, contending that the Motion has no basis in law or fact because the court "granted them leave to designate an expert," and they "ha[d] in fact designated an expert" before they were granted leave to do so. Pls.' Resp. 1. Plaintiffs thus stand on their prior expert designation.

On December 21, 2022, FCA filed its reply brief, asserting that:

Plaintiffs again failed to designate experts. This [c]ourt granted them leave to make an expert designation and specifically ordered Plaintiffs to file their designation by December 9, 2022. This deadline came and went, and Plaintiffs again did nothing. Therefore, Plaintiffs still lack the expert testimony necessary to prove essential claim elements.

Def.'s Reply 1. Alternatively, FCA argues that, even assuming that:

Plaintiffs intend to stand on their previous designation (made late and without leave of court), the identified experts admit they cannot establish the existence of a defect and causation. So either way—experts or not—the result is the same. Plaintiffs will not offer any expert testimony at trial that "connects the dots" between a confirmed defect and the cause of the fire. Plaintiffs simply lack legally sufficient proof to establish their products liability and related claims against FCA US. And further, they cannot cure these fatal deficiencies.

*Id.*

Before ruling on FCA's summary judgment motion, the court gave Plaintiffs an opportunity to respond to the new alternative argument raised in FCA's reply. Plaintiff filed their response on January 20, 2023 (Doc. 41), in which they argue that their "designated expert is

'sufficient to connect the dots,'" and the cases relied on by FCA are factually distinguishable because, among other things, FCA was well aware that several other vehicle fires had occurred before the fire at issue in this case, and it knew there was no known "fix" for the problem causing the fires. Plaintiffs, therefore, contend that the testimony that their expert will provide testimony regarding causation that will be sufficient to meet their burden.

Having determined that the issue of whether Plaintiffs have come forward with any evidence regarding causation required for their products liability and DTPA claims, the court focuses on this issue and alternative argument by Defendant. Although the parties devote much of their briefing to the import of expert testimony, the court need not address this issue, as Plaintiffs have not come forward with any evidence in the form of expert testimony or otherwise to satisfy their burden as the summary judgment nonmovants of raising a genuine dispute of material fact regarding causation.

## II.    Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are

"irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion.  *Id*.  If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322-23.

## III.   Discussion

### A.     Products Liability Claims (Design and Marketing Defects)

Plaintiffs' products liability claims for alleged design and marketing defects are based on their assertion that a 2015 Dodge Ram truck caught fire on February 19, 2020, that the fire spread to Plaintiffs' nearby home, and that FCA, as the manufacturer of the truck, is liable for the resulting property damages, which were caused by a recall condition at the Ram's exhaust gas recirculation ("EGR") cooler.

Products liability claims in Texas fall into three categories: design defect, manufacturing defect, and marketing defect, also referred to as warning defect.  *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 426 & n.1 (Tex. 1997);  To recover on a products liability claim in Texas alleging a design defect, "a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1040 (5th Cir. 2011).

"The Texas Supreme Court has explained that 'a defendant's failure to warn of a product's potential dangers when warnings are required is a type of marketing defect. . . . Generally, a manufacturer has a duty to warn if it knows or should know of the potential harm to a user because of the nature of its product.'" *Smith v. Robin Am., Inc.*, 484 F. App'x 908, 912 (5th Cir. 2012) (quoting *Grinnell*, 951 S.W.2d at 426). To prevail on a marketing defect claim in Texas, a plaintiff

must establish that: "(a) the warning was defective and (b) the defect was a producing cause of the injury." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 772 (5th Cir. 2018) (citing *Ackermann v. Wyeth Pharm.*, 526 F.3d 203, 208 (5th Cir. 2008)).

As noted, FCA argues that Plaintiffs cannot establish causation, that is, that the alleged defect was the producing cause of their damages. Plaintiffs argue in response that there was a known problem with the EGR where the fire originated in the Ram truck, and their expert will testify at trial where the fire started and what caused the fire. Plaintiffs further assert that, even without expert testimony regarding causation, a reasonable jury could find that, "since the fire star[t]ed in the EGR, and the ERG . . . was a known fire risk, . . . the EGR was the cause of the fire." Pl.'s Resp. 4 (Doc. 41). Plaintiffs, therefore, contend that Defendant is not entitled to summary judgment on their products liability claims.

The court disagrees. While Plaintiffs argue what the evidence will show if the case proceeds to trial, they failed to come forward with or point to any evidence in the form of deposition testimony, affidavits, or other competent summary judgment evidence to establish the existence of a genuine dispute of material fact regarding causation in support of their products liability claims based on alleged design and marketing defects. Accordingly, FCA is entitled to judgment as a matter of law on Plaintiffs' products liability claims, which will be dismissed with prejudice.

**B.     DTPA**

Plaintiffs' DTPA claim is based on their contention that FCA's conduct breached the implied warranty of fitness for a particular purpose and implied warranty of merchantability in violation of section 17.50(a)(2) of the DTPA, and that such conduct was the producing cause of their damages.

The DTPA allows consumers to maintain an action for breach of an express or implied warranty that is a producing cause of the consumer's economic or mental anguish damages. *See* Tex. Bus. & Com. Code § 17.50(a).  The elements of a DTPA claim are: (1) the plaintiff was a consumer; (2) the defendant either: (a) engaged in false, misleading, or deceptive acts including in the DTPA's "laundry-list" provision, (b) engaged in an unconscionable action or course of action, or (c) violated a "tie-in" statute; and (3) the violation or unconscionable action was a producing cause of the plaintiff's economic or mental anguish damages. *Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 822 (Tex. 2012). A violation of Chapter 541 of the Texas Insurance Code is also a violation of the DTPA. § 17.50(a).

Plaintiffs recognize that an element of their DTPA claim is that FCA's alleged warranty breaches were a producing cause of their economic or mental anguish damages.  Once again, however, they have failed to come forward with or point to any evidence of causation.  They, instead, merely argue what the evidence will show if the case proceeds to trial. Argument, however, does not constitute competent summary judgment evidence and is insufficient to raise a genuine dispute of material fact regarding causation.  *See Eason*, 73 F.3d at 1325 (explaining that mere conclusory assertions are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment). Thus, FCA is entitled to judgment as a matter of law on Plaintiffs' DTPA claim based on alleged breaches of warranty, which will be dismissed with prejudice.

## IV.    Conclusion

For the reasons explained, FCA is entitled to judgment as a matter of law on Plaintiffs' products liability and DTPA claims as a result of their failure to raise a genuine dispute of material fact regarding causation.   Accordingly, the court **grants** Defendant's Motion for Summary

Judgment (Doc. 23), and it **dismisses with prejudice** these claims and this action by Plaintiffs.  In accordance with Rule 58 of the Federal Rules of Civil Procedure, judgment will issue by separate document.

   **It is so ordered** this 23rd day of January, 2023.

Sam A. Lindsay
United States District Judge